WILLIAM H. OLIVER, JR.
Brandywine Commons
2240 State Highway 33, Suite 112
PO Box 667
Neptune, NJ  07753
(732) 988-1500 – Fax (732) 775-7404
bkwoliver@aol.com
Attorney for Creditor, Regina Palone

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| In Re: | Case No.  09-18982 (RTL) |
|---|---|
|  | Chapter 13 Bankruptcy |
| JOHN DAHLGREN | **CERTIFICATION OF CREDITOR REGINA PALONE IN SUPPORT OF MOTION TO DISMISS CHAPTER 13 BANKRUPTCY** |
| Debtor. |  |

I, Regina Palone, by way of certification do hereby certify and say:

1. I am the co-owner of 948 Lakewood-Farmingdale Road, Howell, New Jersey with the debtor, John Dahlgren.  I make this certification in support of my attorney's Motion to Dismiss this Chapter 13 case.

2. The debtor and I purchased the property on August 3, 2001 as appears by copy of front page of deed attached hereto as **Exhibit A**.  I have been requesting that the property be sold since November of 2004.

3. In January of 2008, my attorney filed a partition lawsuit against the debtor to sell the property.  The debtor, through counsel, filed an answer and counterclaim, a copy of which is attached hereto as **Exhibit B**, whereby the debtor requested rents, profits and distributions from properties between the years of 2000 through 2006.  Apparently the debtor believes that his counterclaim against me is worth $75,000 as shown by paragraph 21 of Schedule B of his petition.  I denied this claim.

4. The debtor values his interest in the property at $225,000.00 on Schedule B. The Court should be aware that we have obtained a contract to sell the property for $500,000.00.

5. On October 14, 2008, the Honorable Thomas W. Cavanagh, Jr., presiding judge of the Monmouth County Chancery Division, signed an order after a hearing on October 7, 2008, attached hereto as **Exhibit C**, which made a finding of fact that in accordance with N.J.S.A. 2A:56-2 the property could not be physically partitioned without great prejudice and should be sold. The order further provided that the property be listed for sale and that I would be permitted to list it with my own real estate broker or any other broker that I deem appropriate. The judge further provided that:

> Defendant Dahlgren shall fully co-operate with all efforts to list, market and sell the property, including, but not limited to, providing access to the property for listing purposes and for viewing by prospective purchasers, maintaining the property in good condition, and vacating same prior to the closing of title.

It also provided that:

> The net proceeds of sale be deposited in the trust account of Larry S. Loigman, Esq., pending further hearing before this Court as to the allocation of same.

The property was then listed for sale with a real estate broker.

6. Despite having been ordered to cooperate with the sale and listing of the property, the debtor refused to do so. I received a call from a salesperson from Weichert Realtor who wished to show the property to his client. On October 15, 2008, the realtor's client went to the property and was awaiting the arrival of the salesperson, when the

2

debtor arrived by truck, jumped out of the truck and demanded the prospective buyer exit his vehicle so he could fight him. Local police were called for assistance.

7. My lawyer had to go back to Chancery Division on Order to Show Cause to enforce the order of the Court. A copy of the Order to Show Cause was filed February 26, 2009 and attached hereto as **Exhibit D**. The debtor appeared on the return date of this order and told the judge that upon receiving notice he would leave the premises in order to allow the property to be shown. On the return date of the Order to Show Cause in order to enforce the October court order, the debtor was represented by attorney, Edward F. Colrick, Esq., and Judge Cavanagh reaffirmed Paragraph 1 of his previous order that debtor cooperate with all efforts to list and sell the house. It was agreed that before showing the house, the debtor's attorney would be notified and the debtor himself would not be in the house, but the property would be left open. It was further ordered that all inspections would also go through the debtor's attorney and that the debtor also would not be on or about the premises during the inspection time. In addition, the Court ordered in Paragraph 4 that if he were to interfere or impede with any scheduled inspection such conduct, "… the Court may treat such conduct as a contempt, and, upon ex parte application, order his incarceration." The Court then scheduled a hearing to be held on April 9, 2009, "…to determine the rights of each party to the proceeds and in what percentage the parties will share the proceeds." The debtor filed this Chapter 13 bankruptcy on April 9, 2009 which was the date of the scheduled allocation hearing ordered by the judge by his order of March 24, 2009, attached hereto as **Exhibit E**.

8. On February 14, 2009, I arrived on the premises to advise the debtor that I would be showing the house to prospective buyers.  As the Court is aware, I am the co-owner of the property and there is no reason why I should not have access to possession of it.  The debtor advised me, "If you come on my property I'll shoot you."  As a result of this and further actions and words of the debtor, I filed a domestic violence complaint based upon terroristic threats and the Court entered a Temporary Restraining Order, attached hereto as **Exhibit F**.  After a hearing, the judge determined beyond a reasonable doubt that the debtor had committed a criminal act, i.e. terroristic threats under N.J.S.A. 2C:12-3 which is necessary for domestic violence order to be entered. N.J.S.A. 2C:25-19.  Attached hereto as **Exhibit G** is a copy of the Final Restraining Order.

9. We have received an offer to purchase the property for $500,000.00 which is dated March 5, 2009, attached hereto as **Exhibit H**.  My lawyer advises me that since there was no appeal of the State Court action, and that the State Court's order for partition the land by sale should prevent the Chapter 13 Plan from being approved and further may take precedence over the debtor's plan.

10. The Court should note that I am the co-owner of this property, have not been in possession of it for four years and have requested on numerous occasions that the property be sold and only with great reluctance did I obtain an attorney to request a partition and sale of the property which has been ordered by the Court.

11. My lawyer has also requested that the bankruptcy case be dismissed or that the automatic stay be vacated by letter to David E. Shaver, Esq. dated May 6, 2009,

4

attached hereto as **Exhibit I**.  Mr. Shaver has objected to my lawyer's letter by letter date May 8, 2009, attached hereto as **Exhibit J**.

I further certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment by the Court.

Dated: June 16, 2009                                          /s/*Regina Palone*
                                                              **REGINA PALONE**